### 37011. AAA PLASTERING COMPANY, INC. v. TPM CONSTRUCTORS, INC.

UNDERCOFLER, Justice.

AAA Plastering Company, Inc. (AAA) appeals from an order granting partial summary judgment for TPM Constructors, Inc. (TPM). We affirm.

AAA was a subcontractor to TPM, who was the general contractor on the project for construction of the Gwinnett Community Hospital.[1] Article 31 of the terms and conditions of the subcontract between AAA and TPM provided, in relevant part, that "The Subcontractor waives his right to file a mechanic's lien and agrees that no mechanic's lien or other claims in the nature of a lien or charge against the lands and premises . . . shall be filed or maintained by the Subcontractor. . ."

---

**Respondent did not file any written exceptions to the Board's report. See Rule 4-219(a).

[1] American Medicorp Development Company was designated in the subcontract as the "Owner" of the project.

After AAA filed of record with the Clerk of the Superior Court of Gwinnett County a claim of lien against the lands and premises of the hospital, TPM filed the present action to cancel the lien claim of record. The trial court granted TPM's motion for partial summary judgment, held the claim of lien was invalid, and directed the clerk of court to strike the claim from the court's records. AAA appealed.

1. AAA contends that the claim of lien was valid despite the lien waiver clause of the subcontract because Code Ann. § 67-2001 (2) specifies that the true owner of the real estate, rather than the general contractor, must show that a lien has been waived in writing. Code Ann. § 67-2001 (2) does state that the lien attaches to the improved real estate "unless the true owner shall show that such lien has been waived in writing..."[2] However, it is apparent to us that the General Assembly did not intend the quoted language of the Code section to change the general principles that allow the promisee[3] as well as the intended beneficiary[4] of the subcontract lien waiver clause to bring suit to enforce the waiver and to resist the validity of the claim of lien. To the contrary, the General Assembly specifically provided that the contractor may be made party to, or may intervene in, lien enforcement proceedings to resist establishment of the lien, as well as for certain other purposes. Code Ann. § 67-2002 (4). We hold that the general contractor as promisee was entitled to seek enforcement of the lien waiver clause of the subcontract and to show, as provided for in Code Ann. § 67-2001 (2), that the subcontractor had waived the right to claim a lien against the improved property.

2. AAA also contends under authority of *Massachusetts Bonding & Ins. Co. v. Realty Trust Co.,* 142 Ga. 499 (4) (83 SE 210) (1914), that the language of the subcontract lien waiver clause was not a waiver of lien under Code Ann. § 67-2001 (2). The contract clauses in *Massachusetts Bonding* and in the present case are distinctly different in their wording and intent. The clause in *Massachusetts Bonding*[5] required the materialman to hold the contractor harmless from claims, liens and judgments of certain

---

[2] Production of a sworn statement of payment is the other alternative to preclude attachment of the lien.

[3] 17 AmJur2d Contracts, § 297; Anno. 76 ALR2d 232; 2 Williston on Contracts (3d Ed.), §§ 390-92.

[4] Code Ann. § 3-108; *Thorpe v. Collins,* 245 Ga. 77, 83 (263 SE2d 115) (1980); *Somers v. Avant,* 244 Ga. 460, 463 (261 SE2d 334) (1979); *Muldawer v. Stribling,* 243 Ga. 673, 676 (256 SE2d 357) (1979); *Miree v. United States,* 242 Ga. 126, 135 (249 SE2d 573) (1978).

[5] According to this court's summarization, the clause in *Massachusetts Bonding* provided "that the materialmen will not allow any mechanic's lien of any kind or

persons doing work on the project, whereas the clause in the present subcontract is an express waiver of the right of AAA to file or to maintain a mechanic's lien on the improved property. The owner of the premises is an intended beneficiary of the lien waiver clause in the present case. Division 1, supra.

We hold that the language of the subcontract lien waiver clause sufficiently expresses an intention to waive any claim of lien against the improved property that AAA otherwise would have been entitled to establish and to maintain under the mechanic's lien laws.

3. The trial court did not err in granting partial summary judgment for TPM and in directing the clerk to strike AAA's claim of lien from the court's records.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 19, 1981.

*G. Hughel Harrison,* for appellant.
*Randall H. Davis,* for appellee.

---

character, for materials furnished or work done, to be filed against the improvements therein contracted for, or the ground on which they are to be erected; but will pay for and satisfy as they mature each and every claim incurred by the contractor in and after the furnishing of the material and labor, and will hold him harmless against all such demands and liens as they may be asserted by any persons under or employed by him, or for furnishing materials; and further, that in the event any suits are filed, asserting a claim upon the building or the ground upon which it is to be erected, because of any work done or material furnished in connection with said building, the materialmen will pay off and satisfy such judgments; and that the amounts due them for the material shall not be paid until the contractor shall have received his money from the owner." 142 Ga. at 505.