74637. MCC POWERS v. FORD MOTOR COMPANY.
(361 SE2d 716)

BENHAM, Judge.

Appellee Ford Motor Company ("Ford") entered into a contract with Barge/Arconics ("Barge"), with the latter agreeing to complete the painting building addition of Ford's Atlanta assembly plant. Barge contracted with Huffman-Wolfe Company ("Huffman") to perform all plumbing and HVAC work at the Ford painting facility. Huffman then entered into a contract with appellant MCC Powers for the temperature control work at the Ford painting addition. When MCC Powers did not receive payment for its work from Huffman, MCC Powers filed a claim of lien in the amount of $18,700 against Ford's property. See OCGA § 44-14-361 (a) (2). Appellant subsequently filed this suit, seeking to impress a special lien against Ford's improved real property (Count 1) and to collect a money judgment for $18,700, the balance allegedly owing on MCC Powers' contract (Count 2). Ford sought summary judgment as to the first count on the ground that the waiver of lien provision in its contract with Barge had been incorporated into the provisions of the subcontract between Barge and Huffman, and was subsequently incorporated into the subsubcontract between Huffman and MCC Powers. Ford based its motion for summary judgment as to the second count on the ground that no contract existed between Ford and MCC Powers, and that MCC Powers was limited to the remedies provided by the lien statutes. The trial court granted Ford's motions for summary judgment and denied that of MCC Powers. This appeal is from the judgment entered in favor of Ford.

1. MCC Powers was statutorily authorized to have a special lien on the real property for which it provided labor, services, and materials. See OCGA § 44-14-361 (a). However, the special lien "shall be dissolved" if it can be shown that "[t]he lien has been waived in writing by lien claimant . . ." OCGA § 44-14-361.2 (a) (1); *AAA Plastering Co. v. TPM Constructors*, 247 Ga. 601 (277 SE2d 910) (1981). The

query before us is whether MCC Powers contractually waived its right to file a lien.

In its contract with Huffman, MCC Powers, as subcontractor, recognized and agreed that the Barge-Huffman contract, the Ford-Barge contract, and the general and specific conditions, plans, drawings, specifications and addenda prepared by the architect and/or engineer, and all other documents that formed a part of the Barge-Huffman contract were made a part of the Huffman-MCC Powers subcontract.

In essence, the trial court held that MCC Powers had executed a written waiver of its right to claim a lien by signing the Huffman-MCC Powers contract. The trial court did not err. The Huffman-MCC Powers contract made the Ford-Barge contract, which contained the lien waiver, a part of the Huffman-MCC Powers contract, and MCC Powers agreed to be bound by that document incorporated by reference. "Incorporation by reference in contract is generally effective to accomplish its intended purpose where the provisions to which reference is made have a reasonably clear and ascertainable meaning. *Binswanger Glass Co. v. Beers Constr. Co.*, 141 Ga. App. 715, 717 (234 SE2d 363) [1977]. [Cits.]" *ADC Constr. Co. v. McDaniel Grading Co.*, 177 Ga. App. 223 (2) (338 SE2d 733) (1985). The parties are in agreement that a lien waiver is contained in the Ford-Barge contract. Thus, it is clear that the referenced provision, the Ford-Barge contract, had a reasonably clear and ascertainable meaning. By incorporating by reference the terms of the Ford-Barge contract into the Huffman-MCC Powers contract, MCC Powers bound itself to waive its right to claim a lien. Id.; *Binswanger Glass Co. v. Beers Constr. Co.*, supra. The trial court did not err in granting summary judgment to Ford on the first count of appellant's complaint.

2. For the reasons stated in Division 1 of this opinion and for the additional reason that there was evidence that MCC Powers had not completed its work satisfactorily, it was not error to deny summary judgment to MCC Powers as to Count 1.

3. Appellant described its second count as one seeking compensation for Ford's "unjust enrichment." "Under Georgia law, a materialman or subcontractor may not recover against an owner or general contractor with whom it has no contractual relationship, based on the theory of unjust enrichment or implied contract; rather, it is limited to the statutory remedies provided by Georgia's lien statute [OCGA § 44-14-360 et seq.]. [Cits.]" *PPG Indus. v. Hayes Constr. Co.*, 162 Ga. App. 151 (1) (290 SE2d 347) (1982). The trial court did not err in granting summary judgment to Ford and denying it to appellant on Count 2.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

Decided October 9, 1987.

Robert A. Moss, for appellant.
S. Gregory Joy, Philip L. Fortune, for appellee.