A89A1303. DAIRYLAND INSURANCE COMPANY v. GAY et al.
(386 SE2d 909)

SOGNIER, Judge.

Dairyland Insurance Company brought this declaratory judgment action against Kenneth Gay seeking a determination of its obligations as the purported liability insurer of Gay's automobile. Miles Rich Chrysler/Plymouth's motion to intervene was granted. The trial court denied Dairyland's motion for summary judgment and we granted its application for interlocutory appeal.

The record reflects that Gay purchased his automobile from Miles Rich Chrysler/Plymouth on June 24, 1987. At the same time Gay also purchased what was purported to be automobile insurance from Fred Heller, a salesman at the dealership. The sales contract, included in the record, indicates that appellant was the insurance company, that one "Vickie Lyons" was the insurance broker, giving her address and phone number, and sets forth the purported number of the insurance policy. It is uncontroverted that Heller, who was not a licensed insurance agent, kept the premium payments made by Gay. It is also uncontroverted that appellant had no knowledge of Heller or Gay and never received any application forms nor issued any policy of insurance to Gay. As of October 22, 1987, the date of the automobile accident in which Gay incurred the damages for which he sought payment from appellant, Gay had received no policy, bills, or any other direct correspondence of any type from appellant.

Appellant submitted the affidavit of its branch manager, William Schuelke, who averred that Heller was "not an agent, broker, or representative of [appellant] and was not authorized to transact any business on [appellant's] behalf. He was not and never has been authorized to take or complete applications on behalf of [appellant] or submit any applications to [appellant]." Appellant also submitted the affidavit of Elzie Speir, the manager of the Cannon Insurance Agency and the former employer of insurance agent Vickie Lyon, who stated that on the purchase date of the purported insurance, Lyon (misspelled "Lyons" in the affidavit) was not an agency employee; that Heller was not and had never been an agency employee; and that the

agency never solicited Gay's business nor received any application for insurance on his behalf. Speir also stated he had given Lyon certain supplies with appellant's name printed on them as examples to assist her in opening her own insurance agency, but averred that "[o]ur supplies were to be used only if we quoted and approved an applicant, but we never did and we never saw them again."

In her deposition, Lyon stated that she was a licensed insurance agent and had worked for Cannon Insurance Agency, but had left the agency several months before the incident in issue. She stated that Heller contacted her about working for him in an insurance agency he was starting and that she and Heller went to Speir's office in the spring of 1987. She stated that at that time Speir gave Heller various forms, including blank application forms, for setting up the business, and that it was her understanding that "Heller was brokering through Mr. Speir," meaning that Heller had Speir's permission to write insurance policies with the companies, including appellant, that Speir represented. Lyon stated that it was "understood and agreed" that Heller and she "were supposed to turn in any applications or money, whether it be cash or check, to Mr. Speir within a 24 hour period."

Lyon testified that she had never talked to anyone at Miles Rich about binding automobile insurance coverage for Gay or anyone else. She stated she had never seen the sales contract before, that unlike the "Vickie Lyons" referenced in the contract there was no "s" on her last name, that the address and phone number thereon were not hers, and that the policy number in the sales contract did not represent a valid binder number. She testified that she had never met or spoken with Gay and that she had never authorized Heller to represent her, to take any action on her behalf, or to use her name. She also stated she never received any money or commissions from Heller or paid him any money for any reason.

Appellant argues that because the evidence is uncontroverted that Heller was not *appellant's* agent, broker, or representative, no question of fact remains for jury consideration and it was entitled to summary judgment in its favor, citing OCGA § 10-6-5 and *Henry v. Dairyland Ins. Co.*, 186 Ga. App. 250 (366 SE2d 799) (1988). Although OCGA § 10-6-5 provides that "an agent may not delegate his authority to another unless specially empowered to do so," even construing Schuelke's affidavit as establishing appellant never empowered Speir or Cannon Insurance Agency to delegate authority to Heller, case law has applied this statute in insurance agency situations in a manner adverse to appellant. In a case involving whether the knowledge of an insurance agent's clerk could be imputed to the insurance company, the Supreme Court noted that "[a] principal may expressly authorize his agent to appoint a subagent, and under some circumstances authority to appoint a subagent between whom and the prin-

cipal a privity of contract will exist may be implied. Instances of an agent's implied authority to appoint a subagent may be found in cases where from the conduct of the parties to the original contract of agency, or from the nature of the particular business which is the subject of the agency, or where substitution is authorized by general custom or usage, or where substitution is authorized by necessity, it may reasonably be presumed that the parties to the original contract of agency contemplated that such authority should exist. [Cit.]" *Springfield Fire &c. Ins. Co. v. Price*, 132 Ga. 687, 692 (64 SE 1074) (1909).

The burden is on the party who moves for summary judgment to produce evidence which conclusively negates the essential elements entitling the respondent to recover under any theory that may be drawn fairly from the pleadings and the evidence. *Gilbert v. Jones*, 187 Ga. App. 303, 304 (370 SE2d 155) (1988). "[T]he papers of the movant are carefully scrutinized while those of the opposing party are treated with considerable indulgence. [Cit.] Additionally, we recognize the opposing party is given the benefit of all favorable inferences that may be disclosed from the evidence [Cit.] There is also the rule that the evidence must be construed most favorably to the party opposing the motion for summary judgment even though the testimony may be vague and contradictory. [Cit.]" *Gregory v. Vance Pub. Corp.*, 130 Ga. App. 118, 120 (2) (202 SE2d 515) (1973), overruled on other grounds, *Clements v. Toombs County Hosp. Auth.*, 175 Ga. App. 651, 653 (1) (334 SE2d 188) (1985). Nothing in the evidence adduced by appellant in support of its motion addresses the nature of its relationship with Speir and Cannon Insurance Agency in regard to the creation, express or implied, of subagents. Construing Lyon's deposition testimony most favorably toward appellees as respondents, it is apparent that a conflict exists between Speir's affidavit and Lyon's testimony regarding the perceived relationship between Heller and Speir and that questions of fact exist whether Speir, as appellant's agent, gave Heller the supplies and application forms with appellant's name affixed, thereby arguably conferring on Heller the apparent authority upon which Gay relied. See *Interstate Fin. Corp. v. Appel*, 134 Ga. App. 407, 410-411 (1) (215 SE2d 19) (1975). The issues surrounding the subagency aspect raised by these facts and the conflicting evidence concerning to whom Speir gave appellant's forms distinguish the case at bar from *Henry*, supra.

Therefore, since appellant has not satisfied its burden of showing the absence of any material disputed fact, see generally *Edge v. Stephens*, 172 Ga. App. 759, 760 (324 SE2d 579) (1984), we find no error in the trial court's denial of appellant's motion for summary judgment. See generally *Allis-Chalmers Credit Corp. v. McGill*, 130 Ga. App. 39 (202 SE2d 270) (1973).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 28, 1989.

Eason, Kennedy & Associates, Carolyn J. Kennedy, Richard B. Eason, Jr., for appellant.
Joe A. Weeks, Stanley W. Levitt, for appellees.