A90A0604. POWELL v. SADLIER et al.
(394 SE2d 614)

McMURRAY, Presiding Judge.

Plaintiffs John L. Sadlier and John F. Nally brought this dispossessory proceeding against Mary Kathryn Powell, d/b/a Judy's Seafood Bar and Grill. Defendant answered the complaint and counterclaimed seeking damages for tortious interference. In this regard, defendant alleged that she found buyers who were willing and able to purchase her restaurant business but they did not do so because plaintiffs wrongfully withheld their consent to an assignment of the lease covering the premises. Following the grant of plaintiffs' motion for summary judgment upon the counterclaim, defendant appealed.

In her sole enumeration of error, defendant asserts the trial court erred in granting plaintiffs' motion for summary judgment upon her counterclaim. *Held*:

In their depositions, plaintiffs deposed they did not withhold their consent to an assignment of the lease. In this regard, they deposed they were never asked to give their consent to an assignment; that if they had been asked they would have given their consent; and that they so informed the prospective purchasers. Thus, plaintiffs effectively pierced the allegation of the complaint pertaining to the wrongful refusal to consent to an assignment of the lease.

"Once the moving party for summary judgment has carried its burden of making out a prima facie case, the burden shifts and the opposite party must come forward with rebuttal evidence or suffer judgment against him. *Meade v. Heimanson*, 239 Ga. 177, 180 (236 SE2d 357) (1977); *Harrison v. Massey-Ferguson Credit Corp.*, 175 Ga. App. 752, 753 (1) (334 SE2d 352) (1985)." *Bright v. Knecht*, 182 Ga. App. 820, 821 (357 SE2d 159).

Did defendant come forward with rebuttal evidence showing that plaintiffs wrongfully withheld their consent to an assignment of the lease? No, we do not find that she did. Although defendant deposed that she was unable to sell her restaurant business because plaintiffs wrongfully refused to consent to an assignment of the lease, her testimony in this regard was based solely on speculation, conjecture and inadmissible hearsay evidence.

The trial court did not err in granting plaintiffs' motion for summary judgment upon defendant's counterclaim.

*Judgment affirmed. Sognier, J., concurs. Carley, C. J., concurs specially.*

CARLEY, Chief Judge, concurring specially.

I agree with the majority that the trial court correctly granted summary judgment in favor of appellees. I also agree with the majority that there was no evidence showing that appellees wrongfully withheld their consent to an assignment of the lease.

However, even had this remained as a genuine issue of material fact, summary judgment would nevertheless be appropriate. The lease in this case specifically provided that "[t]enant shall not, without the prior written consent [of Landlord] (which consent shall be given in the sole and absolute discretion of Landlord) . . . assign this lease or any interest hereunder. . . ." Thus, the decision to consent to a proposed assignment was in the sole discretion of appellees and appellees had no burden to show that they did not wrongfully withhold such consent. *Nguyen v. Manley*, 185 Ga. App. 187 (363 SE2d 613) (1987). While this Court's opinion in *Stern's Gallery of Gifts v. Corporate Property Investors*, 176 Ga. App. 586 (337 SE2d 29) (1985) includes a

discussion of a trend in other jurisdictions of requiring reasonableness even in the absence of a lease clause so providing, the lease in *Stern's Gallery* did contain such a clause, and the court in *Stern's Gallery* did not adopt the "modern trend" as the law of this state. *Nguyen v. Manley*, supra. The trial court correctly granted summary judgment in favor of appellees.

DECIDED MAY 17, 1990.

*King, Morriss, Talansky & Witcher, Joseph H. King, Jr.,* for appellant.
*Stanley M. Lefco,* for appellees.