A92A0308. HUSSEY, GAY & BELL v. GEORGIA PORTS
AUTHORITY.
A92A0365. CLAY-RIC, INC. v. GEORGIA PORTS AUTHORITY.
(420 SE2d 50)

COOPER, Judge.

These two appeals mark the second and third appearances of cases arising out of a 1982 contract between Georgia Ports Authority ("GPA") and Pinehurst Corporation ("Pinehurst") for the construction of a warehouse extension at GPA's ocean terminal facility. The construction was to be performed by Pinehurst pursuant to plans and specifications prepared by the architectural engineering firm of Hussey, Gay & Bell ("HG&B"). The plans required that the warehouse have a paved floor which was installed by Clay-Ric, Inc. ("Clay-Ric") under a subcontract between Clay-Ric and Pinehurst. After installation, the floor became wet due to work being performed on the job site by Pinehurst and other subcontractors and did not pass the load test performed by HG&B. At Pinehurst's direction, Clay-Ric repaved the floor and incurred costs in excess of $40,000. However, Pinehurst did not pay Clay-Ric for the repaving work, and Clay-Ric subsequently filed a four-count complaint against Pinehurst, HG&B and GPA to recover the amounts owed for the repaving work. Clay-Ric contended that the repaving work was beyond the scope of its original contract with Pinehurst and that it performed the repair work because each of the named defendants represented to Clay-Ric that it would be fully compensated for the work. GPA answered the complaint, denying that it had made any such representations to Clay-Ric, and filed a third-party complaint against Safeco Insurance Company of America based on the payment bond given by Pinehurst pur-

suant to OCGA § 36-82-101.[1] GPA subsequently amended its complaint to add as a defense the failure of Clay-Ric to satisfy the bonding requirements for public works contracts with a public body and moved for summary judgment. The trial court granted GPA's motion for summary judgment. In Case Nos. A92A0308 and A92A0365, HG&B and Clay-Ric, respectively, appeal from the grant of summary judgment to GPA.

### Case No. A92A0365

1. The crux of Clay-Ric's complaint against GPA is that GPA directly and through its agents authorized the paving repair work and represented that Clay-Ric would be paid for the work. "The burden is on the party who moves for summary judgment to produce evidence which conclusively negates the essential elements entitling the respondent to recover under any theory that may be drawn fairly from the pleadings and the evidence. [Cit.]" *Dairyland Ins. Co. v. Gay,* 193 Ga. App. 65, 67 (386 SE2d 909) (1989). In support of its motion for summary judgment, GPA submitted the affidavit of its Director of Engineering and Construction, who stated therein that Clay-Ric was a subcontractor of Pinehurst; that GPA never had a contract with Clay-Ric for any of the work covered by GPA's contract with Pinehurst or for any extra work related to that contract; that GPA never authorized any contract with Clay-Ric; that contrary to the allegations in Clay-Ric's complaint, GPA neither authorized the paving repair work nor represented that GPA would pay Clay-Ric for the repair work; and that HG&B had no authority to contract with Clay-Ric on GPA's behalf. " 'Once the moving party for summary judgment has carried its burden of making out a prima facie case, the burden shifts and the opposite party must come forward with rebuttal evidence or suffer judgment against him. [Cits.]' [Cit.]" *Powell v. Sadlier,* 195 Ga. App. 680, 681 (394 SE2d 614) (1990). In opposition to GPA's motion for summary judgment, Clay-Ric submitted the affidavit of the president of Clay-Ric who stated that he was instructed by representatives of HG&B that the repair work was to be paid for by GPA. Clay-Ric also submitted the deposition testimony of a Pinehurst employee who stated that one of HG&B's engineers committed to Clay-Ric's representative that if Clay-Ric performed the work, he would make sure Clay-Ric was paid for it. Clay-Ric presented no evidence which contradicted GPA's contention that GPA did not authorize the repair work or represent that it would pay Clay-Ric for the repairs. How-

---

[1] In the first appearance of this case, *Safeco Ins. Co. of America v. Clay-Ric, Inc.,* 191 Ga. App. 592 (383 SE2d 138) (1989), we held that the action against the bonding company was barred by the applicable statute of limitation.

ever, Clay-Ric argues that genuine issues of fact exist as to whether HG&B had authority to contract with Clay-Ric for the extra work on behalf of GPA. " ' "The bare assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship; but when made by an outsider, bare assertions or denials are merely conclusions of law." [Cits.] "The affidavit . . . denying the existence of agency must be received as evidence of a fact, which cannot be overcome by conclusionary affidavits . . ." [Cit.]' [Cit.]" *Coley Elec. Supply v. Colonial Eggs of Alma,* 165 Ga. App. 108 (2) (299 SE2d 165) (1983). It is undisputed that HG&B was the designated engineer charged with overseeing the warehouse construction project for GPA. However, HG&B's role as the engineer did not automatically confer upon HG&B the power to enter into contracts on behalf of GPA. See *Cannon v. Hunt,* 113 Ga. 501, 505-506 (38 SE 983) (1901). We conclude that the affidavit of GPA's Director of Engineering constitutes factual evidence that HG&B had no such authority to authorize or contract for any additional work on behalf of GPA and that the affidavits and deposition testimony submitted by Clay-Ric were insufficient to overcome that evidence. See *Coley,* supra at 110. Nor do we find that any question of fact exists as to whether HG&B had apparent authority to contract for GPA. There is no evidence that GPA held out HG&B as being any more than the engineer charged with overseeing the project. "[A]n apparent agency relationship binding upon the principal of the alleged relationship is proven by the principal's conduct in holding out the alleged agent as such. An apparent agency relationship is not proven in an action against a principal solely by proof of the conduct of the alleged agent. [Cits.]" Id.

2. Clay-Ric also contends that the trial court erred in not finding that GPA is liable under implied contract theories of quantum meruit and unjust enrichment. "Under Georgia law, a materialman or subcontractor may not recover against an owner or general contractor with whom it has no contractual relationship, based on the theory of unjust enrichment or implied contract; rather, it is limited to the statutory remedies provided by Georgia's lien statute, [OCGA § 44-14-360 et seq.] [Cits.]" *P. P. G. Indus. v. Hayes Constr. Co.,* 162 Ga. App. 151 (1) (290 SE2d 347) (1982). Clay-Ric's attempt to distinguish its case from *P. P. G.* is unpersuasive. Clay-Ric as the subcontractor had no contractual relationship with GPA, and as we concluded in Division 1, HG&B had no authority to contract on behalf of GPA.

3. Clay-Ric's argument that GPA's acceptance of the repair work without compensating Clay-Ric constitutes an unlawful taking of public property without just and adequate compensation is without merit. "The constitutional provisions prohibiting the state or subdivisions from taking private property for a public purpose without just

and adequate compensation are applicable only when the acts constitute a 'taking' of the property within the meaning of the law. [Cits.]" *Bray v. Houston County,* 180 Ga. App. 166, 167 (348 SE2d 709) (1986). GPA accepted the work from Pinehurst pursuant to the construction contract. We cannot conclude that Pinehurst's failure to pay Clay-Ric under the subcontract agreement constitutes a taking of property within the meaning of the law.

### Case No. A92A0308

4. GPA has filed a motion to dismiss this appeal brought by HG&B on the grounds that HG&B lacks standing to appeal the grant of summary judgment to GPA. " '(A) co-defendant does not have any standing to appeal an order granting summary judgment in favor of another defendant when (his) right has not been adversely affected thereby. (Cit.)' [Cits.]" *Shackelford v. Green,* 180 Ga. App. 617, 619 (349 SE2d 781) (1986). "Only if the co-defendants are sued as joint tort-feasors does the grant of summary judgment as to one potentially affect the other's right of contribution. Therefore, it is only in this situation that the co-defendant is deemed a losing party and therefore has standing to appeal the grant of summary judgment to another co-defendant. [Cit.]" *C. W. Matthews Contracting Co. v. Studard,* 201 Ga. App. 741 (2) (412 SE2d 539) (1991). "Defendants are joint tort-feasors when their separate and distinct acts of negligence concur to proximately produce an injury. [Cits.]' [Cit.]" *Shackelford,* supra at 618. GPA argues that Clay-Ric's theory of liability as to GPA is one of vicarious liability for the acts of HG&B and Pinehurst. However, Clay-Ric alleged in its complaint that each of the defendants authorized the repair work and represented that Clay-Ric would be paid for the work and that GPA made false representations to Clay-Ric directly and through its agent, HG&B. In light of those allegations, we cannot conclude that Clay-Ric's only theory of liability as to GPA is that GPA is vicariously liable for the acts of HG&B. Accordingly, we find that HG&B has standing to maintain the appeal.

5. HG&B contends in its sole enumeration of error, that the trial court erred in holding that Clay-Ric's claims were barred due to Clay-Ric's failure to obtain payment and performance bonds because genuine issues of fact remain regarding whether Clay-Ric was a contractor or a subcontractor. Our examination of the trial court's order reveals no such holding encompassed within that order. " '(I)ssues raised . . . (which are) not . . . encompassed within the final order from which the appeal has been taken, . . . may not . . . (b)e raise(d) (on appeal), either in enumerations of error or through arguments in briefs of counsel. (Cits.) [Cit.]' [Cit.]" *Costanzo v. Jones,* 200 Ga. App. 806 (3) (409 SE2d 686) (1991).

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 8, 1992.

*Brannen, Searcy & Smith, Joseph J. Berrigan,* for appellant (case no. A92A0308).

*Edenfield, Stone & Cox, Gerald M. Edenfield, Susan W. Cox, James B. Rutledge III, E. Lee Davis, Jr.,* for appellant (case no. A92A0365).

*Michael J. Bowers, Attorney General, George H. Chamlee,* for appellee.