### A08A0451. KENNESAW FLOORING, INC. v. RECTOR.
(662 SE2d 808)

SMITH, Presiding Judge.

Seeking payment for materials and services provided during a home renovation, Kennesaw Flooring, Inc. sued the homeowner, Richard Rector, for breach of contract and quantum meruit. Rector moved for summary judgment, and the trial court granted the motion. For reasons that follow, we affirm.

Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. *Lane Supply v. W. H. Ferguson & Sons, Inc.*, 286 Ga. App. 512, 513 (649 SE2d 614) (2007). On appeal, we review the grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the nonmoving party. Id.

So viewed, the record shows that Rector contracted with VFI Contractors & Associates, Inc. ("VFI") to perform renovation work on his home. As part of the renovation project, VFI hired Kennesaw Flooring to install and refurbish flooring in the house. Kennesaw Flooring evidently completed the flooring work, but claimed that it did not receive payment and sued Rector.

In moving for summary judgment, Rector argued that he contracted with VFI, not Kennesaw Flooring, and cannot be held liable for VFI's failure to pay its subcontractor. The trial court agreed, granting Rector's motion. We find no error.

Kennesaw Flooring admittedly had no express contract with the homeowner and was hired by VFI as a subcontractor. But it argues that it entered into an implied contract with Rector, apparently based on its direct interaction with him. It also asserts that this implied contract supports its claims for breach of contract and quantum meruit.

Georgia law, however, specifically prohibits such claims by a subcontractor. As we have consistently held:

> [A] material-man or subcontractor may not recover against an owner or general contractor with whom it has no contractual relationship, based on the theory of unjust enrichment or implied contract; rather, it is limited to the statutory remedies provided by Georgia's lien statute[,] OCGA § 44-14-360 et seq.

(Punctuation omitted.) *MCC Powers v. Ford Motor Co.*, 184 Ga. App. 487, 488 (3) (361 SE2d 716) (1987). See also *J. Kinson Cook, Inc. v. Weaver*, 252 Ga. App. 868, 871-872 (2) (556 SE2d 831) (2001) (applying this ban on recovery to claim based on quantum meruit); *Hussey, Gay & Bell v. Ga. Ports Auth.*, 204 Ga. App. 504, 506 (2) (420 SE2d 50) (1992) (applying ban to claims based on both unjust enrichment and quantum meruit).

Kennesaw Flooring tries to avoid this clear authority by arguing that, through its interaction with Rector, it became the project's "direct contractor (for flooring)" and should not be viewed as a subcontractor. Without dispute, however, Kennesaw Flooring was hired as a subcontractor by Rector's general contractor, VFI. Although Robert Baker, Kennesaw Flooring's president, testified that Rector often complained about VFI's performance and threatened "to finish contracting the job himself," Kennesaw Flooring offered no evidence that Rector ever terminated his contract with VFI. In fact, Rector testified that "all of the work completed by Kennesaw Flooring was within the scope of work for which [he] paid VFI." Moreover, correspondence produced during discovery reveals that VFI remained involved in the project and acted as an intermediary between Rector and the flooring company.

We recognize that Rector gave Kennesaw Flooring some direction regarding the work schedule and manner of floor installation. For example, Rector told Baker that he wanted the new flooring to match his preexisting floors, and he allegedly called Kennesaw Flooring directly to complain about the floor work. But these circumstances do not alter Kennesaw Flooring's status as a subcontractor with no contractual tie to Rector. Given this status, its remedy for nonpayment lies in Georgia's lien provisions, not in claims against Rector for breach of implied contract or quantum meruit. See *MCC Powers*, supra, 184 Ga. App. at 488; *Hussey*, supra, 204 Ga. App. at 506. The trial court, therefore, properly granted Rector's motion for summary judgment.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MAY 29, 2008.

*Michael J. Kramer*, for appellant.
*Hirsh & Heuser, Michael R. Hirsh, Lionel J. Postic*, for appellee.