A09A2358. CALLAHAN et al. v. HALL.

(691 SE2d 918)

PHIPPS, Judge.

Clarence Hall d/b/a Sonny Hall Construction (Hall) performed grading work and other services for the improvement of property owned by Larry and Deborah Callahan. Hall filed claims of lien in the Henry County property records for labor and materials furnished to the property for which he claimed he had not been paid. He then filed suit against the Callahans and Sean Duncan d/b/a Design Renovations (Duncan), the general contractor on the project, to recover the amount of the claims of lien and to assert a quantum meruit claim. Following a bench trial, the trial court ruled that the liens did not adequately

comply with the notice requirements of OCGA § 44-14-361.1[1] and rendered judgment in favor of the defendants on that claim. That portion of the judgment has not been appealed, and is therefore affirmed.[2] The trial court awarded Hall $41,469 on his quantum meruit claim and held the Callahans jointly and severally liable for that amount. The Callahans appeal the quantum meruit award. Because the facts of this case do not support that award, we reverse that portion of the judgment.

> In reviewing a judgment entered in a bench trial, we construe the evidence in favor of the judgment and the court's factual findings will not be disturbed when supported by any evidence. We owe no deference, however, to the court's legal analysis which is subject to de novo review.[3]

The Callahans correctly contend that Georgia law precludes Hall from asserting a quantum meruit claim in this case. As this court consistently has held:

> A material-man or subcontractor may not recover against an owner or general contractor with whom it has no contractual relationship, based on the theory of unjust enrichment or implied contract; rather, it is limited to the statutory remedies provided by Georgia's lien statute, OCGA § 44-14-360 et seq.[4]

Here, Duncan was the general contractor for the work done on the Callahans' property, and Hall was the subcontractor. When Duncan asked Hall if he wanted to bid on the project, Hall submitted a written proposal to him, and was awarded the job. Hall had an oral

---

[1] That statute, which sets out the requirements for declaring and creating liens in favor of subcontractors and others against real estate for which they have furnished work or materials, provides that "[n]o later than two business days after the date the claim of lien is filed of record, the lien claimant shall send a true and accurate copy of the claim of lien by registered or certified mail or statutory overnight delivery to the owner of the property or, if the owner's address cannot be found, the contractor, as the agent of the owner." OCGA § 44-14-361.1 (a) (2).

[2] In his appellate brief, Hall challenges the trial court's ruling on his lien claims. But by failing to file a cross-appeal, he waived his right to assert any such challenge. See *Ga. Society of Plastic Surgeons v. Anderson*, 257 Ga. 710, 711 (1) (363 SE2d 140) (1987) (as a general rule, appellee must file cross-appeal to preserve enumerations of error concerning adverse rulings); see also OCGA § 5-6-38.

[3] *Wright v. Piedmont Property Owners Assn.*, 288 Ga. App. 261, 262 (653 SE2d 846) (2007) (citations omitted).

[4] *Kennesaw Flooring v. Rector*, 291 Ga. App. 704 (662 SE2d 808) (2008) (citations and punctuation omitted); see also *J. Kinson Cook, Inc. v. Weaver*, 252 Ga. App. 868, 871 (2) (556 SE2d 831) (2001) (trial court erred in allowing sub-subcontractor's quantum meruit claim to go to the jury).

contract with Duncan, and Duncan had an oral contract with Larry Callahan. Hall had no direct contractual relationship with Larry Callahan and is therefore precluded from asserting a quantum meruit claim as a remedy for nonpayment.[5] Thus, the trial court erred in awarding damages on this basis.[6] Accordingly, we reverse the trial court's judgment on the quantum meruit claim.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Bernes, J., concur.*

DECIDED MARCH 17, 2010.

*Crumbley & Crumbley, R. Alex Crumbley*, for appellants.
*Power, Cooper, Jaugstetter & Futch, Gregory A. Futch*, for appellee.

---

[5] See *Kennesaw Flooring*, supra at 705.

[6] See *J. Kinson Cook, Inc.*, supra.