## 73148. BROWN v. ELDER.
(355 SE2d 740)

BENHAM, Judge.

Appellant Brown and appellee Elder entered into a contract for the purchase of appellant's home. In a separate agreement, appellant agreed to sell specified items of personalty to appellee. When appellee did not receive all of the items, he stopped payment on the check he had tendered. Appellant subsequently filed suit to recover the money, and appellee counterclaimed, alleging that appellant had fraudulently induced him to purchase real and personal property from her. A jury found for appellee and awarded him $5,000 damages. On appeal, appellant contends that the trial court erroneously denied her motion for new trial.

In addition to his claims concerning the items of personalty purchased by appellee but removed from the house by appellant or her agents, appellee contended appellant had wilfully misrepresented to him, to induce him to purchase the property, that the home's swimming pool had been repaired; that the leak in the washroom had been remedied; and that the adjacent vacant lot sold with the home was suitable for building. After the closing, appellee found the swimming pool and washroom leak unrepaired and the adjacent lot unfit for building purposes due to the presence of sewer field lines.

1. Appellant maintains that appellee may not recover from her since he executed a "release of misrepresentation" at closing. By signing the document, appellee acknowledged that the realty company had made no warranty as to the condition of the house and improvements and that appellee had not relied on any representations or warranties of the realty company or its agents in making his decision to purchase the property. Appellant argues that she, as well as her realtor, was released by appellee's execution of the document. We disagree. The very wording of the document reflects that appellee released the realtor and its agents from any liability for any misrepresentations they may have made to him. There was evidence at trial that the misrepresentations which were the basis of appellee's counterclaim were made by appellant directly to appellee, not through the real estate agents involved. Thus, this was not a case of joint tortfeasors and a release of the agent did not act as a release of the principal. Compare *Giles v. Smith*, 80 Ga. App. 540 (56 SE2d 860) (1949), cited by appellant.

2. Citing the language in the release that appellee's decision to purchase the property was based on his judgment and not on any representations made by the realty company, appellant contends that appellee failed to prove he relied upon appellant's misrepresentations. Testimony at trial shows appellee "took the word" of appellant, to his detriment. The trial court did not err in denying appellant's motion for new trial.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED MARCH 17, 1987 —
REHEARING DENIED MARCH 30, 1987.

*Robert B. Adams*, for appellant.
*Joseph T. Tuggle, Jr.*, for appellee.