A91A0151. ROBERTSON v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.
(405 SE2d 745)

SOGNIER, Chief Judge.

Thomas Robertson brought suit against Metropolitan Atlanta Rapid Transit Authority (MARTA), seeking damages for injuries he incurred at MARTA's Peachtree Center rail station. The trial court granted MARTA's motion for summary judgment, and Robertson brings this appeal.

Appellant testified by deposition that after spending time with friends at a local bar and consuming three or four large mixed drinks between midnight and approximately 3:00 or 4:00 a.m. on November 19, 1985, he entered appellee's Peachtree Center station at about 5:00 a.m. and sat down on a bench to wait for the southbound train. Thinking he heard the train approaching, he walked to the edge of the platform, where he noticed another man nearby. The person observed by appellant was never identified or located. Appellant could recall nothing more about the incident other than awakening in the intensive care unit of a hospital. Appellant was discovered on the southbound track of the station shortly after 6:00 a.m. by two MARTA patrons, who signaled an oncoming southbound train in whose path appellant lay. He had incurred extensive injuries, necessitating amputation of his left arm above the elbow.

Appellant contends the trial court erred by granting summary judgment to appellee because material questions of fact remain for jury determination. We do not agree, and affirm the trial court's grant of summary judgment to appellee.

To state a cause of action for negligence in Georgia, it is necessary to establish the essential elements of duty, breach of that duty, and proximate causation, as well as damages, as a basis for liability for the injuries of another. *Bradley Center v. Wessner*, 250 Ga. 199,

200 (296 SE2d 693) (1982). It is well established that "the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence. [Cits.]" *Hill v. Hosp. Auth. of Clarke County*, 137 Ga. App. 633, 639 (4) (224 SE2d 739) (1976). In this case, two elements of the cause of action were established. It is clear that appellee had a duty to protect appellant from unreasonable risk of harm because appellee is a common carrier, and accordingly has the duty to exercise "extraordinary diligence" to protect its fare paying passengers. OCGA § 46-9-132. It is also evident from appellant's injuries that he was damaged. The remaining elements of breach of duty and proximate causation are more problematic.

In his complaint, appellant alleged that he fell asleep while waiting for the train; that while asleep he was assaulted, beaten, robbed, and left unconscious on the tracks; and that one or more of appellee's trains ran over him, causing his injuries. In support of its motion for summary judgment, appellee submitted an affidavit from Michael Killian, its manager of Central Control. At the time of the incident, Killian was appellee's Chief Controller, whose duties included maintaining records of train schedules. Killian detailed the pertinent train schedule for the morning of November 19, 1985, from the first "sweep" train, which inspects the tracks for any unusual condition, through the sixth train of the morning, which was the train flagged down by patrons when appellant was discovered on the tracks. Killian listed for each train the time of its departure from the beginning of the line; the time of its arrival at Peachtree Center Station; and the name of the operator. Appellee also submitted affidavits from these operators. Each operator averred that he had been trained "to be extremely alert and to maintain a constant visual check of conditions as far ahead as possible" when entering and leaving a station and "to visually scan the entire station area, including the platforms and the track itself," and that he had done so upon entering and leaving the Peachtree Center station that morning and had observed nothing unusual.

In opposition to appellee's motion for summary judgment, appellant proffered his own affidavit, in which he averred that although he did not remember how he came to be on the track, he did not voluntarily place himself there, and did not enter the station intending to sleep there or to commit suicide. Appellant also submitted the affidavit of Anthony Cabot, M.D., a diplomate of the American Board of Orthopedic Surgery, who testified that he had personally examined appellant and reviewed his medical records, and who opined that appellant's injuries were "most consistent with and . . . probably caused by being struck by a train."

Notwithstanding the sworn testimony of the train operators that they saw nothing unusual, and despite the lack of eyewitness testi-

mony, we do agree with appellant that sufficient circumstantial evidence exists in the record that appellant was run over by a train to create a jury question as to the element of proximate causation. However, we do not find a material question of fact remains as to the essential element of breach of duty. "*Negligence* cannot be presumed; on the contrary, performance of duty and freedom from negligence is presumed. [Cit.]" (Emphasis supplied.) *Johnson v. Ellis*, 179 Ga. App. 343, 345 (346 SE2d 119) (1986). The affidavits of appellee's train operators pierced appellant's bare allegations of negligence, and appellant failed to come forward with any evidence rebutting the affidavits of the train operators showing that they did nothing to breach appellee's duty of care to appellant.

" '(O)nce a party in the position of a defendant who is a movant for summary judgment pierces the pleadings of one in the position of a plaintiff and shows to the court that one essential element under any theory of recovery is lacking and incapable of proof, the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements. (Cit.)' [Cit.]" *Adler's Package Shop v. Parker*, 190 Ga. App. 68, 72 (1) (378 SE2d 323) (1989). As appellant failed to show the essential element of breach of duty, the trial court correctly granted summary judgment to appellee. Id.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 9, 1991.

*E. Graydon Shuford & Associates, Charles F. Perkins*, for appellant.

*Gorby, Reeves, Moraitakis & Whiteman, Michal J. Gorby, Stephanie L. Scheier*, for appellee.