A91A1272. C. W. MATTHEWS CONTRACTING COMPANY, INC. v. STUDARD et al.
(412 SE2d 539)

COOPER, Judge.

This appeal originated from a suit by Martha Jane Studard ("Studard") and her husband against the Georgia Department of Transportation ("DOT") and its commissioner, Thomas Moreland ("Moreland"), various other employees of the DOT, and appellant. Studard was involved in a traffic accident with a hit-and-run driver on a stretch of Georgia highway that was being resurfaced by appellant pursuant to a contract with the DOT. In their complaint, the Studards alleged that certain of the defendants, including Moreland, "negligently and carelessly permitted, allowed, and/or placed inade-

quate and insufficient traffic controls and/or warnings" along the roadway where Studard's accident occurred and the defendants "knew or in the exercise of ordinary care should have known" that the roadway conditions would result in an accident. After much discovery, the trial court ruled on motions for summary judgment filed by all defendants, granting Moreland's motion and denying the motions of the other defendants. Appellant then filed a notice of appeal of the trial court's order, specifically appealing the grant of summary judgment to Moreland and the denial of summary judgment to appellant. Appellant did not obtain a certificate of immediate review from the trial court, nor did appellant follow the procedures for appeal set forth in OCGA § 5-6-34. Appellees have moved to dismiss the instant direct appeal on the grounds that appellant has no standing to appeal the grant of summary judgment to Moreland and consequently appellant has no right to appeal the denial of its own notion for summary judgment. For the reasons stated below, we agree with appellees and dismiss this appeal.

1. Appellees argue that the appeal should be dismissed because appellant failed to obtain a final judgment from the trial court pursuant to OCGA § 9-11-54 (b). This argument fails because "[OCGA § 9-11-56 (h)], which permits direct appeal from any grant of summary judgment, is an exception to the finality rule expressed in [OCGA § 9-11-54 (b)]." *Edwards v. Davis*, 160 Ga. App. 122 (1) (286 SE2d 301) (1981). " 'Even in the absence of "an express determination that there is no just reason for delay". . . , the order granting the . . . summary judgment is nevertheless appealable. [Cits.]' [Cit.]" *Advanced Contouring v. McMillan Div. &c.*, 179 Ga. App. 128 (2) (345 SE2d 666) (1986).

2. Despite the order's appealability, we agree with appellees' contention that in the instant case, appellant has no standing to appeal the grant of summary judgment to its co-defendant, Moreland. Appellant relies on the holding in *Merritt v. McCrary*, 162 Ga. App. 825 (1) (292 SE2d 920) (1982) that "the 1972 amendment to [OCGA § 51-12-32] eliminated the rule that a co-defendant in a tort action is without standing to appeal the grant of summary judgment to another co-defendant against whom he asserts a right of contribution." However, this court has limited this relaxation of the standing requirement to situations in which the co-defendants are being sued as joint tort-feasors. *Shackelford v. Green*, 180 Ga. App. 617, 618-619 (349 SE2d 781) (1986), aff'd 257 Ga. 9 (356 SE2d 27) (1987). Only if the co-defendants are sued as joint tort-feasors does the grant of summary judgment as to one potentially affect the other's right of contribution. Therefore, it is only in this situation that the co-defendant is deemed a losing party and therefore has standing to appeal the grant of summary judgment to another co-defendant. Id. at 618. " 'Defendants are

joint tort-feasors when their separate and distinct acts of negligence concur to proximately produce an injury. (Cits.)' [Cit.] . . . 'Where the liability of the employer for the negligent acts of his employee rests only on the doctrine of respondeat superior, the employer becomes liable although he was not negligent because the employee's negligence was imputed to him as a matter of law, and thus the nonnegligent employer is not a "joint tortfeasor" in the sense in which the phrase is ordinarily used. . . .' [Cit.] 'An action brought against defendants jointly on the theory that one, as principal, is liable for the tortious acts of another . . . , is a joint action but not a joint cause of action. [Cit.]' [Cit.] . . . It follows that . . . a co-defendant in a multiparty action which is *not a joint cause of action*, cannot complain of the grant of summary judgment in favor of [an] alleged vicariously liable co-defendant." Id. at 618-619. See *Gay v. Piggly Wiggly Southern*, 183 Ga. App. 175 (1) (358 SE2d 468) (1987).

Appellant contends that Moreland was sued under the theory of his vicarious liability as commissioner and on the theory of negligence for his own personal, direct actions. Thus, argues appellant, Moreland and appellant were sued as joint tortfeasors, and appellant has standing to pursue this appeal. A review of the voluminous record completely belies appellant's argument. Although the complaint was phrased in general language, the pleadings filed by the Studards in this action, including the Brief in Opposition to Moreland's Motion for Summary Judgment and the Response to Moreland's Statement of Material Facts, clearly indicate that liability as to Moreland was based only upon his position as commissioner, i.e., based on the theory of respondeat superior. The Studards, in their brief to this court, admit that the suit against Moreland was always predicated only on his vicarious liability, and they did not appeal the grant of summary judgment to Moreland. The only theory of Moreland's liability that was presented to the trial court was respondeat superior; the issue of liability based on personal actions of Moreland was not raised by the pleadings. There was no evidence submitted to the court on the personal negligence of Moreland, and in fact all the evidence clearly showed Moreland's complete lack of personal involvement in the circumstances leading to Studard's accident. Appellant never responded to Moreland's motion for summary judgment even though it was based upon the theory of respondeat superior but instead filed a cross-claim against Moreland raising the issue of Moreland's personal negligence well after the trial court's order on the motions for summary judgment had been issued. Under these circumstances, we conclude that appellant and Moreland were not sued as joint tort-feasors, that Moreland's liability was based only on his vicarious liability under the doctrine of respondeat superior and that appellant has no standing to appeal the grant of summary judgment to Moreland.

Without standing to bring this direct appeal, appellant cannot appeal the denial of its own motion for summary judgment. See OCGA § 9-11-56 (h); OCGA § 5-6-34. This appeal is dismissed.

Appellees' request for penalties pursuant to Court of Appeals Rule 26 (b) is hereby denied.

*Appeal dismissed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 30, 1991 —
RECONSIDERATION DENIED NOVEMBER 5, 1991 — ▆▆▆▆▆▆▆

*Gerard & Mathews, William T. Gerard, for appellant.*

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, C. LaTain Kell, Assistant Attorney General, Susan J. Levy, Staff Attorney, Robert K. Finnell, for appellees.*

