A92A1226. SAMUELSON v. LORD, AECK & SERGEANT, INC. et al.
(423 SE2d 268)

POPE, Judge.

Plaintiff Kyle Joan Samuelson brought this action against defendants LRE Engineering, Inc. (hereinafter "engineers"), and Lord, Aeck & Sergeant, Inc. (hereinafter "architects"), as well as several other defendants, claiming defendants are liable for the injuries she received when she was struck by an automobile while jogging. Both defendants moved for dismissal of the complaint for failure to state a claim. Additionally, defendant architects moved, in the alternative, for judgment on the pleadings. The trial court granted the motions and plaintiff appeals.

Plaintiff alleges in the complaint that she was jogging on the grassy shoulder of Spalding Drive in Gwinnett County headed east on the south side of the road. When she reached the post office property at 5600 Spalding Drive the shoulder was replaced by an unmarked

paved turn lane. She continued jogging in the turn lane and was struck from behind by an automobile also travelling east in the turn lane and sustained severe and disabling injuries. Plaintiff alleges defendants engineers and architects were responsible for the site design of the post office which eliminated the shoulder adjacent to the road and created in its place a sloping bank with an above-ground manhole which could not be used by pedestrians. Plaintiff alleges defendants were negligent in designing the site, that the design constitutes negligence per se because it does not conform to applicable Gwinnett County roadway development standards and that the design constitutes a nuisance. Defendants argue the complaint was rightly dismissed because the complaint alleges they committed professional malpractice but the expert affidavits filed in support of the complaint fail to meet the minimum requirements of OCGA § 9-11-9.1 and also because the complaint fails to state a claim upon which relief can be granted. Defendant architects further argue that the pleadings and admissions in judicio demonstrate that plaintiff is not entitled to recover and therefore, the trial court's grant of judgment on the pleadings was also proper.

1. First we address the sufficiency of the expert affidavits. The affidavit of a licensed engineer was filed in regard to the complaint against defendant engineers and the affidavit of a licensed architect was filed in regard to the complaint against defendant architects. The affidavit of the engineer recited that the affiant had reviewed certain documents concerning the design of the site and contained the opinion that in the execution and construction of the project, defendant engineers "failed to follow generally accepted and customary engineering practices and principles and failed to exercise that degree of care generally employed by engineering professionals in the field of civil engineering under similar conditions and like surrounding circumstances . . . ." The expert went on to opine that defendant engineers "among other things, might have recommended that a retaining wall be constructed along the frontage of the . . . property in such a way as to permit continuous pedestrian traffic along Spalding Drive . . . ; and further that [defendant engineers] failed to design such a wall or other appropriate safe alternative." The affiant also asserted he had reviewed the facts alleged in the complaint and, in his opinion, "such facts, if true, constitute professional malpractice." The affidavit of the architect was virtually identical except it referred to the standards and practices of architects.

Citing *Cheeley v. Henderson*, 261 Ga. 498 (405 SE2d 865) (1991), defendants argue the affidavits were insufficient. In *Cheeley*, the Georgia Supreme Court held that because the expert affidavit stated merely that the errors and omissions set forth in the complaint constitute malpractice, without setting forth in the affidavit itself "at

least one negligent act or omission claimed to exist and the factual basis for each such claim," as required by OCGA § 9-11-9.1, then the affidavit was insufficient. Defendants argue that the affidavits in this case do not assert they were negligent in failing to provide a sidewalk or traversable shoulder and that the assertion that the facts alleged in the complaint constitute malpractice is insufficient to meet the requirements of OCGA § 9-11-9.1.

The affidavits in this case offer a suggestion of what the defendants "might" have designed under the circumstances. Reading each affidavit in its entirety, however, it is obviously the affiant's opinion that the failure to provide the retaining wall they might have designed "or other appropriate safe alternative" to permit continuous pedestrian traffic along the road in front of the premises constitutes negligence and a failure to meet the appropriate standard of care. When the sufficiency of an expert affidavit is questioned by a motion to dismiss, the affidavit, like a complaint, should " 'be construed in the light most favorable to the plaintiff with all doubts resolved in [her] favor even though unfavorable constructions are possible.' " (Citation omitted.) *Bowen v. Adams*, 203 Ga. App. 123 (416 SE2d 102) (1992). Accordingly, in *Bowen*, this court held the affidavit sufficient even though it did not specifically opine that the procedures employed by the defendant doctor were negligent because it did contain the opinion that other medical procedures are "ordinarily" preferred and that the surgical procedure employed by the defendant was "premature" and caused injury to the plaintiff. Likewise, in this case the opinion that another specified design "might" have been used and that the failure to use such a design or another appropriate alternative constituted malpractice is sufficient to set forth a negligent act or omission as required by the affidavit statute. Thus the trial court erred in granting defendants' motions to dismiss on the ground that the expert affidavit was insufficient.

2. Having determined that the affidavit is sufficient to withstand defendants' motion to dismiss, we next address whether the complaint itself states a cause of action against these defendants.

(a) Defendants first argue the complaint was rightly dismissed because the complaint shows no privity existed between the plaintiff and defendants. The general rule applied by the Georgia courts is that one cannot be held liable for professional negligence to a party not in privity with the professional. See, e.g., *Howard v. Dun & Bradstreet*, 136 Ga. App. 221 (220 SE2d 702) (1975). "[T]he trend in Georgia[, however,] has been to relax the rule of strict contractual privity in malpractice actions, recognizing that under certain circumstances, professionals owe a duty of reasonable care to parties who are not their clients." *Driebe v. Cox*, 203 Ga. App. 8, 9 (1) (416 SE2d 314) (1992). Exceptions to the privity rule have been carved out where in-

jury to third parties is foreseeable. For example, in cases involving negligent misrepresentation of facts, liability extends "to a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly. . . . [Otherwise] there will be no liability in the absence of privity, wilfulness or physical harm or property damage." *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680, 682 (300 SE2d 503) (1983).[1]

In cases alleging negligent design by an architect, an exception to the rule against liability to third parties is recognized when the complaint alleges a defect which is imminently dangerous to third persons. "There are . . . well recognized exceptions to [the] general rule [that an independent contractor is not liable to third persons for injury suffered as a result of the work once it is turned over to the owner]. One such exception is that the contractor is liable where the work is a nuisance per se, or inherently or intrinsically dangerous. Another is that the contractor is liable where the work done and turned over by him is so negligently defective as to be imminently dangerous to third persons." *Cox v. Ray M. Lee Co.*, 100 Ga. App. 333, 335 (111 SE2d 246) (1959). In *Cox*, this court reversed the trial court's dismissal of the complaint against a contractor and architect for bodily injuries allegedly sustained as a result of the dangerous design and construction of steps to a church building. Likewise, in *Hunt v. Star Photo Finishing Co.*, 115 Ga. App. 1 (1) (153 SE2d 602) (1967), a case brought for property damage due to the collapse of a roof, we recognized an exception to the general rule where the design of the roof was alleged to be so negligently defective as to be dangerous to third parties.

The exception to the privity rule for architectural defects which are imminently dangerous to third parties is consistent with the general law of torts in this state whereby "no privity is necessary to support a tort action; but, if the tort results from the violation of a duty which is itself the consequence of a contract, the right of action is confined to the parties and those in privity to that contract, *except in cases where the party would have a right of action for the injury done independently of the contract* . . . ." (Emphasis supplied.) OCGA § 51-1-11 (a). The legal duty owed by a professional need not arise out of a professional-client relationship but may arise "out of the general duty one owes to all the world not to subject them to an unreasonable risk of harm." *Bradley Center v. Wessner*, 250 Ga. 199, 201 (296 SE2d 693) (1982). "[I]n appropriate circumstances, a duty of care may be called for by contract and may be required by tort law at

---

[1] We note the case at hand involves a claim for personal injury which, the *Rhodes-Haverty* opinion implies, would not require privity in any event.

*the same time,* and where this is true plaintiff requires no privity to maintain a tort action." *Sims v. American Cas. Co.,* 131 Ga. App. 461, 479-480 (206 SE2d 121), aff'd, 232 Ga. 787 (209 SE2d 61) (1974). Independently of the contract to design a building or premises, an architect or engineer owes a general duty to use reasonable care not to harm third persons who, it is reasonably foreseeable, might be harmed by a negligent architectural design.

In this case the plaintiff alleges the site design was dangerous to pedestrians. We reject defendants' argument that plaintiff's complaint is barred because of an absence of privity between the parties. This case presents a factual situation which is an exception to the general rule requiring privity in order to impose liability for negligent performance of a contract because if plaintiff's allegations of negligence are true, injury to a third party pedestrian, such as plaintiff, is reasonably foreseeable.[2] Thus, the trial court erred in granting defendants' motions to dismiss on the ground of lack of privity.

(b) Defendants next argue the complaint was rightly dismissed because the complaint fails to state a claim upon which judgment can be granted. "To state a cause of action for negligence in Georgia, it is necessary to establish the essential elements of duty, breach of that duty, and proximate causation, as well as damages, as a basis for liability for the injuries of another. [Cit.] It is well established that 'the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence. (Cits.)' [Cit.]" *Robertson v. MARTA,* 199 Ga. App. 681, 682 (405 SE2d 745) (1991). We agree with defendants that no general duty exists at law to design a roadway (or in this case, the premises adjacent to the roadway) with a sidewalk or traversable shoulder. See *Hamza v. Bourgeois,* 493 S2d 112 (La. Ct. App. 1986). But see *Berglund v. Spokane County,* 103 P2d 355 (Wash. 1940). We take notice, as did the trial judge upon the hearing of the motions, that many roads and highways in this state make no specific provision for pedestrians. Instead, a statute exists to govern the acts of pedestrians walking on or along a roadway. OCGA § 40-6-96. In fact, that statute addresses the circumstance of pedestrians walking along roadways "[w]here neither a sidewalk nor a shoulder is available . . . ."

---

[2] This result is consistent with the general trend in other states toward abolishing the privity requirement for negligence actions against architects involving personal injury and replacing it with the rule of foreseeability. See, e.g., *Karna v. Byron Reed Syndicate, #4,* 374 FSupp. 687 (D. Neb. 1974); *Mallow v. Tucker, Sadler &c.,* 54 Cal. Rptr. 174 (Ca. Ct. App. 1966); *Montijo v. Swift,* 33 Cal. Rptr. 133 (Cal. Ct. App. 1963); *Parliament Towers Condominium v. Parliament House Realty, Inc.,* 377 S2d 976 (Fla. Dist. Ct. App. 1979); *Laukkanen v. Jewel Tea Co.,* 222 NE2d 584 (Ill. App. Ct. 1966); *Totten v. Gruzen,* 245 A2d 1 (N. J. 1968). See also W. Page Keeton, Prosser and Keeton on The Law of Torts, § 104A, pp. 722-724 (5th ed. 1984); Note, The Crumbling Tower of Architectural Immunity: Evolution and Expansion of the Liability to Third Parties, 45 Ohio St. L.J. 217 (1984).

Id. at subsection (c).

A duty to create a walkway for pedestrians may be created, however, by ordinance or by an accepted industry standard for a particular type of development. In fact, we decided in Division 1 of this opinion that the plaintiff's expert affidavits alleged the defendants' failure to provide a way to permit continuous pedestrian traffic in front of the premises was a failure to follow generally accepted practices of the architectural and engineering professions. Upon a motion for summary judgment defendants may be able to establish that the applicable ordinances and industry standards for the premises at issue in this case do not require a way for pedestrian traffic across the property. At this point in the proceedings of this case, however, it was premature to dismiss the complaint or to grant judgment to the defendants on the pleadings.

3. Plaintiff's complaint also alleges negligence per se for the alleged violation of applicable county roadway and development standards. At the request of the trial court, at the hearing on defendants' motions plaintiff submitted into the record a copy of the county ordinances she alleges were applicable to the design of the site at issue in this case. Defendants argue those ordinances show on their face that they apply only to subdivisions and thus are not applicable to the case at hand. However, the record is insufficient at this point to determine as a matter of law whether they are applicable. Pursuant to OCGA § 9-11-12 (c), when matters outside the pleadings are presented in a motion on the pleadings, the motion may be turned into a motion for summary judgment. However, this requires the motion to be treated by the court as one for summary judgment, with "all parties . . . given reasonable opportunity to present all material made pertinent to such a motion by Code Section 9-11-56." The transcript of the motions hearing shows the parties and the trial court did not treat the motion as one for summary judgment and the trial court did not grant summary judgment but judgment on the pleadings, as requested by defendants. Again, at this point in the proceedings it was premature to grant judgment to defendants. Whether defendants are entitled to judgment on the claim of negligence per se may be determined only after the parties have had the opportunity to present additional evidence on the claim.

4. Finally, defendants argue they are entitled to judgment on the pleadings because the facts alleged in the complaint show plaintiff is barred from recovering by the open and obvious rule, the doctrine of assumption of the risk, the equal knowledge rule, the doctrine of avoidance, the doctrine of remote and unforeseeable consequences and because the facts alleged in the complaint show defendants cannot be found to be the proximate cause of plaintiff's injuries. It is our opinion that issues of fact remain at this point in the proceedings

574

which preclude the grant of judgment on these defenses.

*Judgment reversed. Carley, P. J., and Johnson, J., concur in Divisions 1, 2, 3, and in judgment.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 25, 1992 — 

*Cashin, Morton & Mullins, Harry L. Cashin, Jr., Noel B. McDevitt, Jr., Raymond C. Mayer, Davis, Gregory & Christy, Hardy Gregory, Jr., Crim & Bassler, Candler Crim, Jr., for appellant.*

*Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Lisa M. Smith, Robert W. Browning, Pursley, Howell, Lowery & Meeks, Paul A. Howell, Jr., Bryan A. Vroon, for appellees.*