A93A0293. HARRIS v. HANNA CREATIVE ENTERPRISES.
(430 SE2d 846)

JOHNSON, Judge.

Johnny Harris was involved in a motor vehicle collision with a driver employed by Hanna Creative Enterprises d/b/a Domino's Pizza. Harris executed a release of all claims against the employee in exchange for $10,000. Harris then filed a personal injury action against Hanna, claiming that it was vicariously liable for the alleged negligence of its employee and directly liable for having negligently trained and supervised the driver. Based on Harris' release of all claims against the employee, Hanna moved for partial summary judgment on the vicarious liability claims. The trial court granted the motion, ruling that Harris' release of all claims against the employee also discharged Hanna from any vicarious liability. Hanna then moved for summary judgment on the remaining direct liability claims for negligent training and supervision of drivers. The court granted that motion, finding, among other things, that Harris had not filed a response to Hanna's motion. Harris appeals.

1. Harris contends that the court erred in granting summary

judgment to Hanna on the vicarious liability claims. Harris relies on the ruling in *Posey v. Med. Center-West*, 257 Ga. 55 (354 SE2d 417) (1987), that a general release given to one joint tortfeasor does not release all other joint tortfeasors. Harris' reliance on *Posey* is misplaced because, as to the vicarious liability claims, Hanna and its employee are not joint tortfeasors. "The legal concept of joint tortfeasors is classically understood to mean those individuals whose separate and distinct acts of negligence concur to proximately produce an injury. . . . [A] negligent employee and his vicariously liable employer are not joint tortfeasors in the classic sense, in that the employer has committed no separate and distinct act of negligence and the employee has no right of contribution against his employer." (Citations and punctuation omitted.) *Gay v. Piggly Wiggly Southern*, 183 Ga. App. 175, 176-177 (1) (358 SE2d 468) (1987). "Where the liability of the employer for the negligent acts of his employee rests only on the doctrine of respondeat superior, the employer becomes liable although he was not negligent because the employee's negligence was imputed to him as a matter of law, and thus the nonnegligent employer is not a joint tortfeasor in the sense in which the phrase is ordinarily used." (Citations and punctuation omitted.) *C. W. Matthews Contracting Co. v. Studard*, 201 Ga. App. 741, 743 (2) (412 SE2d 539) (1991). Because Hanna and its employee are not joint tortfeasors, Harris' release of the employee also released Hanna from any claims based on the employee's alleged negligence. Compare *Brown v. Elder*, 182 Ga. App. 352 (355 SE2d 740) (1987); *Townsend v. Brantley*, 163 Ga. App. 899, 900 (2) (296 SE2d 186) (1982); *Giles v. Smith*, 80 Ga. App. 540, 543 (1) (j) (56 SE2d 860) (1949). The trial court did not err in granting summary judgment to Hanna on the vicarious liability claims.

2. Harris complains that the court, in granting Hanna's motion for summary judgment on the direct liability claims, erred in finding that he had not filed a response to the motion. Harris argues that at the time the court entered its order, he still had one day to file a response. This argument is without merit. Harris was required to file a response to the motion within thirty days of the date it was filed (Uniform Superior Court Rule 6.2), plus an additional three days because Hanna served the motion by mail (OCGA § 9-11-6 (e)). It is clear from the record that Hanna did not file a response within the required thirty-three days. The court entered its order on the thirty-fourth day after the motion was filed. Harris does not claim, and the record does not reveal, that he ever filed a response to the motion. The trial court did not err in finding that Harris did not respond to the motion.

Moreover, the court did not grant Hanna's motion for summary judgment as to the direct liability claims based solely on the fact that

Harris did not respond to the motion. In its order, the court states that it considered all pleadings, affidavits and discovery in the record. Having reviewed the entire record, we find that there are no genuine issues of material fact as to the direct liability claims and therefore the court did not err in granting summary judgment.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge John W. Sognier concur.*

DECIDED APRIL 13, 1993 —
RECONSIDERATION DENIED APRIL 29, 1993 

*Pat D. Dixon, Jr.,* for appellant.
*Gilbert, Harrell, Gilbert, Sumerford & Martin, Wallace E. Harrell III, Lisa S. Godbey, Whelchel, Brown, Readdick & Bumgartner, John E. Bumgartner,* for appellee.