S93G1289. HARRIS v. HANNA CREATIVE ENTERPRISES.
(439 SE2d 476)

PER CURIAM.

After plenary consideration of this matter, it is found not to satisfy the criteria for the grant of certiorari and the writ is therefore vacated.

*All the Justices concur, except Benham, Sears-Collins and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

It is my opinion that the Court of Appeals erred in affirming the trial court's grant of summary judgment to Hanna on the vicarious liability claims. See *Harris v. Hanna Creative Enterprises*, 208 Ga. App. 549 (1) (430 SE2d 846) (1993). Therefore, I must respectfully dissent to the vacating of the grant of the writ of certiorari in this case.

The Court of Appeals held as follows: "Because Hanna and its employee are not joint tortfeasors, Harris' release of the employee also released Hanna from any claims based on the employee's alleged

---

negligence. [Cits.]" *Harris*, supra at 550 (1). Prior to this court's decision in *Posey v. Med. Center-West*, 257 Ga. 55 (354 SE2d 417) (1987), where the liability, if any, of the master to a third person was purely derivative and dependent entirely upon the principle of respondeat superior, and although not technically a tortfeasor, the master could be sued alone or jointly with the servant. However, a release of the servant from liability would bar an action against the master, where the injury and damage were the same. *Giles v. Smith*, 80 Ga. App. 540 (56 SE2d 860) (1949).

> Although the liability of the master and the servant is joint and several, the same principles apply to them in an action based solely on the negligence of the servant as would apply in actions against joint tort-feasors. [Cit.]

*Giles*, supra at 542 (1) (e). See also *Gay v. Piggly Wiggly Southern*, 183 Ga. App. 175, 177 (1) (358 SE2d 468) (1987). Thus, in Georgia, a master has been treated as if he were a joint tortfeasor with his servant.

However,

> where the plaintiffs sued a principal and its agent for tortious injuries and damages inflicted by the agent and during the pendency of the suit executed to the agent *covenants not to sue* in exchange for the payment of a sum of money, such covenants did not extinguish the cause of action against either the principal or the agent, but merely the right to pursue a remedy as to the agent, and the plaintiffs could thereafter maintain the action against the principal even though the principal's liability rested *solely upon the doctrine of respondeat superior*.

(Emphasis supplied.) *Otis v. Wren Mobile Homes*, 111 Ga. App. 649 (143 SE2d 8) (1965). The covenant not to sue in *Otis* expressly reserved the plaintiffs' rights against the principal, but "other jurisdictions similarly allow recovery against an employer following execution of a covenant not to sue an employee, even without an express reservation. [Cits.]" *Dworak v. Olson Constr. Co.*, 551 P2d 198, 200 (II) (Colo. 1976). The court in *Otis* rejected the argument that "the cause of action against the master or employer, being purely derivative in character, must also be extinguished." *Otis*, supra at 650. Rather, the holding was explicitly based on the nature of covenants not to sue, which, prior to *Posey v. Med. Center-West*, supra, differed from releases in their effect on joint tortfeasors. *Mercantile Nat. Bank v. Founders Life Assur. Co.*, 236 Ga. 71, 73 (1) (222 SE2d 368) (1976). In *Posey v. Med. Center-West*, supra at 59, we held that

[a] valid *release* of one tortfeasor from liability for a harm, given by the injured person, does not discharge *others* for the same harm, unless it is agreed that it will discharge them. [Cit.]

(Emphasis supplied.) Thus, "[t]he distinction between a release and covenant not to sue in the area of torts was obliterated by . . . Posey . . . ." *Crim v. Jones*, 204 Ga. App. 289, 290, fn. 1 (419 SE2d 130) (1992). See also *Weaver v. Ross*, 192 Ga. App. 568, 570 (2) (386 SE2d 43) (1989).

Because the effect of a release on joint tortfeasors is now the same as the effect of a covenant not to sue, and because a vicariously liable master has always been treated like a joint tortfeasor and is not discharged by a covenant not to sue, I would hold that, under *Posey*, such a master is not discharged by a release, unless it is so agreed. Although the result I propose would be strengthened even more by reliance upon *Lackey v. McDowell*, 262 Ga. 185 (415 SE2d 902) (1992), I concede that *Lackey* applies prospectively and is not at issue in this case.

Because I would reverse the Court of Appeals' affirmance of the trial court's grant of summary judgment in favor of Hanna on the vicarious liability claims, I must dissent to the vacation of the writ of certiorari in this case.

I am authorized to state that Justice Benham and Justice Sears-Collins join in this dissent.

DECIDED FEBRUARY 3, 1994.

*Pat D. Dixon, Jr.*, for appellant.
*Gilbert, Harrell, Gilbert, Sumerford & Martin, Wallace E. Harrell, Wallace E. Harrell III, Lisa S. Godbey, Whelchel, Brown, Readdick & Bumgartner, John E. Bumgartner, Joseph R. Odachowski*, for appellee.