A94A1171. THORNTON et al. v. WARE COUNTY
HOSPITAL AUTHORITY.
(450 SE2d 260)

SMITH, Judge.

Rosemary Thornton and her husband filed suit against the Ware County Hospital Authority d/b/a Memorial Hospital; Dr. Robert Carbaaugh, an anesthesiologist; Harold John (Jim) Karew, a nurse anesthetist; and Dr. Charles Whigham, a consulting physician. They sought damages for personal injuries suffered by Mrs. Thornton during her stay at Memorial Hospital for hip surgery, alleging professional malpractice by the individual defendants during and after the induction of anesthesia. The plaintiffs alleged the hospital was liable under the doctrine of respondeat superior for the actions of Carbaaugh, Karew, and Whigham.

After instituting suit, plaintiffs settled their claims against Caarbaugh and Karew and entered into a covenant not to sue them. In that document, plaintiffs also agreed to dismiss Carbaaugh and Karew from this litigation with prejudice, which they did.

In *Thornton v. Ware County Hosp. Auth.*, 205 Ga. App. 202 (421 SE2d 713) (1992) (*"Thornton I"*), this court reversed the trial court's

grant of the hospital's motion to dismiss the Thorntons's complaint against it based upon the absence of an affidavit under OCGA § 9-11-9.1 alleging malpractice by the hospital.

We held in *Thornton I*, however, that the hospital's contention it was not liable to plaintiffs under the doctrine of respondeat superior had not been considered by the trial court and therefore could not be reviewed in that appeal. Id. at 204. On remand, the hospital moved for summary judgment on the issue of imputed liability. The trial court granted that motion, and this appeal ensued.

The motion was granted on two grounds. First, the court found that plaintiffs' claim against the hospital was barred by their prior dismissal with prejudice of all claims against Carbaaugh and Karew. Second, the trial court found that the hospital could not be held liable under the doctrine of respondeat superior because no issue of material fact existed that Carbaaugh, Karew, and Whigham were not agents or employees of the hospital.

1. The Thorntons contend they are not barred from litigating their claim against the hospital because the covenant not to sue Carbaaugh and Karew recited specifically that the settlement with those two defendants was entered into only in partial satisfaction of their claim, and it provided specifically that plaintiffs were not releasing their claims against the hospital and Whigham.

The holding in *Posey v. Med. Center-West*, 257 Ga. 55 (354 SE2d 417) (1987) abolished in Georgia the venerable rule that the release of one tortfeasor works a discharge of all other joint tortfeasors. It replaced that rule with the common-sense idea that a release discharges only the parties it was intended to release, which intent may be proved by extrinsic evidence. Id. at 59.[1]

In *Harris v. Hanna Creative Enterprises*, 208 Ga. App. 549, 550 (1) (430 SE2d 846) (1993), this court held that an employer whose liability for the negligent acts of its employee rests only on the doctrine of respondeat superior is not a joint tortfeasor to whom the rule set forth in *Posey* applies. A claim against such an employer is, therefore, barred by a previous release of the employee. Id.[2] The facts in *Harris*, however, differed from those in this case in that the document in issue here is a covenant not to sue and not, as in *Harris*, a release.

Traditionally, prior to *Posey*, when a plaintiff sued both a principal and his agent and executed a covenant not to sue the agent, that

---

[1] *Lackey v. McDowell*, 262 Ga. 185 (415 SE2d 902) (1992), modified the *Posey* rule to provide that only the parties *named* in the release would be discharged by that instrument. Id. at 186. However, even if otherwise applicable, the opinion in *Lackey* provided that it applied only to "releases executed after the date of this opinion," id., and the release in this case was executed before that date.

[2] Although certiorari was granted in *Harris*, the writ was subsequently vacated. *Harris v. Hanna Creative Enterprises*, 263 Ga. 774 (439 SE2d 476) (1994).

covenant did not extinguish the cause of action against either defendant; it merely prevented the plaintiff from pursuing a remedy against the agent. The plaintiff could still maintain an action against the principal notwithstanding that the principal's liability rested solely upon the doctrine of respondeat superior. *Otis v. Wren Mobile Homes*, 111 Ga. App. 649 (143 SE2d 8) (1965).

*Posey* abolished the distinction between releases and covenants not to sue. *Crim v. Jones*, 204 Ga. App. 289, 290, n. 1 (419 SE2d 130) (1992). Since *Posey* does not apply to this case, however, we apply the law as it existed prior to *Posey*. Under that law, the execution of the covenant not to sue Carbaaugh and Karew does not bar the Thorntons from maintaining their action against the hospital. *Otis*, supra.

Nor does the dismissal of Carbaaugh and Karew from the action with prejudice impose a bar to further litigation of the claim, as argued by the hospital. The dismissal of an action against a defendant with prejudice operates only as an adjudication of the *nonliability* of that defendant to the plaintiffs. *Rowland v. Vickers*, 233 Ga. 67, 68 (209 SE2d 592) (1974). Liability is a compound term embracing factors other than negligence. See generally *Harrison v. Feather*, 211 Ga. App. 468, 469 (1) (439 SE2d 706) (1993). An adjudication of nonliability, therefore, is not necessarily a definitive adjudication on the issue of negligence; it does not preclude a finding that the released parties were negligent. Conclusive establishment of the hospital's liability, however, necessarily depends upon a definitive adjudication of the absence of *negligence*, and not merely liability, on the part of the doctors. Absent such a definitive adjudication the hospital is not entitled to summary judgment. The fact issue regarding the negligence of the doctors remains to be litigated and adjudicated.[3]

Further, Whigham was not dismissed, and there has been no adjudication regarding his negligence *or* liability. It is clear, therefore, that no bar exists to plaintiffs' claims against the hospital arising from imputed liability for Whigham's actions. The trial court erred in granting the hospital's motion for summary judgment on the basis of the dismissal of Carbaaugh and Karew.

2. The Thorntons also contend summary judgment in favor of the hospital was erroneous because genuine issues of material fact exist regarding the hospital's liability for the actions of the doctors and

---

[3] We note that our decision in *Hodo v. Basa*, 214 Ga. App. 895 (449 SE2d 523) (1994) (dismissal of complaint against employee doctor for failure to file affidavit pursuant to OCGA § 9-11-9.1 precludes further litigation against employer hospital under doctrine of respondeat superior) was based upon an entirely different premise, in that OCGA § 9-11-9.1 and the case law construing it make clear that a dismissal for failure to file a § 9-11-9.1 affidavit is one on the merits of the claim.

Karew under the theory of ostensible or apparent agency. It is undisputed that the doctors were, in fact, not employees of the hospital. However, in *Richmond County Hosp. Auth. v. Brown*, 257 Ga. 507 (361 SE2d 164) (1987), the Supreme Court held that the doctrine of ostensible agency may be applied, in some circumstances, to hold a hospital liable for the medical malpractice of physicians even when the doctors are not employees of the hospital.

In *Brown*, the plaintiff alleged that because the hospital held out to the public that the emergency room doctors were its agents, it was barred from denying that they were its agents. Id. at 508. The Supreme Court agreed, noting that in order for the doctrine of apparent agency to be applicable, the hospital must represent or hold out the actors as its agents and the plaintiffs must justifiably rely upon this representation by the hospital. Id. at 508-509.

Although the Thorntons point out that they did not hire or select either the anesthesia staff or Dr. Whigham and *believed* that the hospital had done so, this is factually incorrect. Carbaaugh and Karew were members of a private anesthesia group who were on call the Sunday on which Mrs. Thornton underwent emergency surgery on her hip. That group did not have a contract with the hospital, nor did the group have the exclusive privilege of providing anesthesia at the hospital. Whigham testified at deposition that Mrs. Thornton's private attending physician, Dr. Booker, asked him to consult on her case.

The record contains no evidence of any representation or "holding out" by the hospital that either the anesthesia staff or Dr. Whigham were its employees or agents, a crucial element for the application of the doctrine of apparent agency. *Abdul-Majeed v. Emory Univ. Hosp.*, 213 Ga. App. 421 (445 SE2d 270) (1994), relied upon by the Thorntons, is distinguished on its facts. Unlike the patient plaintiff in *Abdul-Majeed*, Mrs. Thornton did have a private physician — her surgeon, Dr. Booker — and she was clearly under his care. Moreover, it is uncommon for patients themselves to choose those who administer anesthesia.

Under the circumstances present in this case, we cannot say that the hospital's failure to inform Mrs. Thornton explicitly that the members of the anesthesia group were not employees of the hospital is sufficient to support a finding that the hospital "held out" the anesthesia group as its agents. Nor is it sufficient to show justifiable reliance by Mrs. Thornton. Since no evidence exists to create a genuine issue of fact as to this essential element of the plaintiffs' claim that the hospital is liable under the doctrine of apparent agency, that claim must fail. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Although we have concluded that one of the grounds on which

the trial court granted summary judgment to the hospital was erroneous, the other ground is sufficient to support the grant of summary judgment. A trial court's ruling right for any reason must be affirmed. *Turner v. MCI Telecomm. Corp.*, 203 Ga. App. 71, 76 (416 SE2d 370) (1992).

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 26, 1994 —
RECONSIDERATION DENIED NOVEMBER 21, 1994 — 

*Sutton & Associates, Berrien L. Sutton, Hallman & Stewart, Ronald W. Hallman*, for appellants.

*Dillard, Bower & East, Terry A. Dillard, Robert W. Lamb*, for appellee.