A95A0097. MEINKEN v. PIEDMONT HOSPITAL, INC.
(454 SE2d 147)

BLACKBURN, Judge.

This is an appeal from the trial court's grant of a motion for summary judgment filed by appellee Piedmont Hospital, Inc. in this negligence action.

On January 30, 1991, at approximately 2:00 a.m., the appellant, Gary S. Meinken, drove his wife to Piedmont Hospital, Inc. in anticipation of the arrival of their baby. After Meinken parked in the parking area adjacent to the hospital's emergency room, he entered the emergency facility and informed hospital personnel that his wife was in labor in the backseat of the family's vehicle which was parked outside. A hospital attendant whose exact identity is unknown provided Meinken with a wheelchair and instructed him to bring his wife into the hospital in the wheelchair because the hospital did not have any attendants available at the time. As Meinken lifted his wife from the automobile into the wheelchair, he injured his back.

Meinken commenced the instant action asserting that his back injury was proximately caused by the hospital's negligence. Specifically, he alleged that the hospital owed a duty to ordinary members of the public to provide emergency services in a proper and reasonable manner in and around the designated emergency area, and breached this duty by failing to provide trained personnel to remove his wife from the vehicle and transport her to the hospital. In granting the motion for summary judgment, the trial court held that summary judgment was warranted because Meinken had not shown that the hospital owed any duty of care to him.

"A cause of action for negligence requires (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of

the legal duty. . . . One of the problems arising out of the question of duty is the parties' status and their relation to each other. Does the defendant owe the duty to this plaintiff? If a defendant owes no legal duty to the plaintiff, there is no cause of action in negligence. What duty a defendant owed a plaintiff is a policy problem — a matter of law." (Citations and punctuation omitted.) *Dupree v. Keller Indus.*, 199 Ga. App. 138, 141 (404 SE2d 291) (1991).

Generally, a hospital owes a duty of reasonable care to its patients and is liable for those injuries negligently inflicted upon its patients by its employees. *Parker v. Hosp. Auth. of the City of Bainbridge & Decatur County*, 214 Ga. App. 113 (2) (446 SE2d 766) (1994). In the present action, Meinken was not a patient of the hospital at the time that he sustained his back injury but merely a visitor assisting his wife. Assuming arguendo that Meinken was an invitee, a hospital's liability to an invitee only arises when the hospital, as premise owner, has superior knowledge of a perilous instrumentality or condition which proximately causes injuries to the invitee. See *Hosp. Auth. of Ben Hill County v. Bostic*, 198 Ga. App. 500 (402 SE2d 103) (1991). Such is not the case based upon the facts presented. Meinken has cited no authority for the proposition that a hospital is liable for injuries received by a patient's relative while assisting the patient and our research has revealed none. Under these circumstances, we cannot say the hospital owed any duty of care to Meinken at the time that he sustained his injuries under general common-law principles of negligence. Consequently, the trial court did not err in granting summary judgment in favor of Piedmont Hospital, Inc. in this action.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 27, 1995 —
RECONSIDERATION DENIED FEBRUARY 8, 1995 — ■

*Saia, Richardson & Meinken, Joseph J. Saia,* for appellant.
*Long, Weinberg, Ansley & Wheeler, J. Calhoun Harris, Jr.,* for appellee.