WEBSTER, J.
Appellant seeks review of a summary final judgment entered in a negligence action in favor of her employer and co-defendant, Expert-Med, Inc., based on the trial court’s finding that the employer was not vicariously liable, as a matter of law, for appellant’s conduct which occurred outside the scope of her employment. Expert-Med has moved to dismiss this appeal on the ground that appellant does not have standing to appeal the summary final judgment because appellant has no right to contribution from Experb-Med. We agree and dismiss the appeal.
Florida courts have recognized that a defendant in a tort action has the right to appeal the entry of a judgment in favor of a co-defendant where the defendant has a statutory right to contribution from the co-defendant. U-Haul Co. of East Bay v. Meyer, 586 So.2d 1327 (Fla. 1st DCA 1991); Christiani v. Popovich, 363 So.2d 2 (Fla. 1st DCA 1978), approved sub nom. Pensacola Interstate Fair, Inc. v. Popovich, 389 So.2d 1179 (Fla.1980). In fact, a defendant in a tort action must oppose a judgment relieving a co-defendant of liability or lose any future right to contribution from that co-defendant. Holton v. H.J. Wilson Co., 482 So.2d 341 (Fla.1986); U-Haul, 586 So.2d at 1331. We have been unable to discover any Florida cases addressing the right of a defendant in a tort action to appeal the entry of a judgment in favor of a co-defendant where the defendant has no right to contribution from the co-defendant whose alleged liability is merely vicarious. However, decisions from other jurisdictions have held that a *897 defendant in a tort action does not have standing to appeal a judgment in favor of a co-defendant where there is no right to contribution. Guy F. Atkinson Co. v. Consani, 223 Cal.App.2d 342, 35 Cal.Rptr. 750 (1963); C.W. Matthews Contracting Co. v. Studard, 201 Ga.App. 741, 412 S.E.2d 539 (1991); Shackelford v. Green, 180 Ga.App. 617, 349 S.E.2d 781 (1986), affirmed, 257 Ga. 9, 356 S.E.2d 27 (1987); Indiana State Highway Comm’n v. Clark, 175 Ind.App. 358, 371 N.E.2d 1323 (1978).
In this case, there were no allegations that Expert-Med was negligent in any manner. Rather, the plaintiffs only sought to hold Expert-Med vicariously liable for appellant’s alleged negligence. Appellant would have no claim against Expert-Med for contribution if appellant were found liable to the plaintiffs for her own negligence. Rather, as the non-negligent employer of appellant, Expert-Med would have a claim for indemnification against appellant if Expert-Med were found vicariously liable for appellant’s negligence. See Safecare Med. Ctr. v. Howard, 670 So.2d 1020, 1023 (Fla. 4th DCA 1996) (noting that an employer held vicariously liable to another may bring an action for indemnity from the employee whose conduct created the liability); Hartford Accident & Indem. Co. v. Kellman, 375 So.2d 26, 30 (Fla. 3d DCA 1979) (recognizing that under the doctrine of respondeat superior, an employer is entitled to indemnity against a negligent employee). Because the summary final judgment in favor of Expert-Med did not adversely affect appellant’s rights against Expert-Med, we conclude that appellant does not have standing to bring this appeal.
Accordingly, we grant Expert-Med’s motion to dismiss this appeal for lack of standing. In light of this disposition, we do not address whether the trial court properly entered summary final judgment for Expert>-Med.
DISMISSED.
BENTON, C.J, and VAN NORTWICK, JJ., concur.